UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| STEVEN FOWLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>J. RAY ORMOND, Warden, )<br>)<br>Respondent. ) | Civil Action No. 6: 18-039-DCR<br><br><br><br>**MEMORANDUM ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Steven Fowler is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Fowler filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]. For the reasons set forth below, the petition will be denied.

In 1999, Fowler was convicted of conspiring to distribute more than 50 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] According to Fowler, the Government then filed a notice under § 851, indicating that he had multiple prior felony drug convictions. In light of the notice, the trial court sentenced Fowler to the mandatory minimum of life in prison pursuant to § 841(b)(1). The United States Court of Appeals for the Fourth Circuit affirmed Fowler's conviction and sentence, and his subsequent efforts to vacate his sentence were unsuccessful.

Fowler has now filed a § 2241 petition with this Court. Fowler's petition is lengthy and at times difficult to understand. However, the crux of his argument is that the trial court erred when

---

[1] This procedural history comes from Fowler's petition and attached documents at Record No. 1, as well as his underlying criminal case, *United States v. Fowler*, No. 1: 99-cr-010 (M.D.N.C. 1999), and his direct appeal, *United States v. Fowler*, 55 F. App'x 125 (4th Cir. 2003).

it determined that he had multiple prior felony drug convictions and, therefore, was subject to a mandatory minimum sentence of life in prison pursuant to § 841(b)(1). Fowler cites the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other cases, in support of his argument.

Fowler's petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so through a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Fowler cannot use a § 2241 petition as a way of challenging his sentence.

Fowler nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), in support. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge a sentence in a § 2241 petition. But in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. To be sure, Fowler was sentenced before the Supreme Court decided *Booker*, and he may be foreclosed from filing a successive petition under

§ 2255. However, he has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that his previous convictions are not felony drug offenses for purposes of the § 841(b)(1) enhancement. Further, *Descamps* and *Mathis* address the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act. Here, the trial court enhanced Fowler's sentence pursuant to § 841(b)(1) -- an entirely different statute with broader language. *See Hernandez v. Ormond*, No. 6:17-cv-081-DLB (E.D. Ky. Sept. 18, 2017) (explaining that the analysis described in *Mathis* is not applicable to enhancements pursuant to § 841(b)(1)'s broad language). Fowler has not explained how *Descamps* and *Mathis* represent intervening changes in statutory law that establish that his sentence was improperly enhanced, and his numerous other arguments are without merit. Accordingly, it is hereby

**ORDERED** as follows:

1. Fowler's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 13th day of February, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge